FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 15, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KLICKITAT PUBLIC UTILITY DISTRICT; NORTHERN WASCO COUNTY PEOPLE'S UTILITY DISTRICT; and LIBERTY MUTUAL INSURANCE COMPANY, as Subrogee of Klickitat Public Utility District; Northern Wasco County People's Utility District and McNary Dam Washington Shore Fishway Hydroelectric Project, | No. 1:17-CV-03197-SAB |
| Plaintiffs, | **ORDER DENYING DEFENDANT TIMBERLAND'S RULE 12 MOTION TO DISMISS** |
| v. | |
| TIMBERLAND EQUIPMENT LIMITED and DIVERSIFIED INSPECTIONS/ INDEPENDENT TESTING LABORATORIES, INC., | |
| Defendants. | |

Before the Court is Defendant Timberland Equipment Limited's Rule 12 Motion to Dismiss, ECF No. 12. The motion was heard without oral argument. Defendant Timberland Equipment Limited ("Timberland") is represented by Gregory G. Wallace. Plaintiffs are represented by Bradley C. Crockett, Paul B. Hines, and Glenn Mattar.

**ORDER DENYING DEFENDANT TIMBERLAND'S RULE 12 MOTION TO DISMISS ~ 1**

//

## Factual Background

This action involves the collapse of a 65-ton capacity WMJ crane. It is alleged in the Complaint that Defendant Timberland designed and manufactured the crane.

In October, 2015, a turbine used in a hydroelectric dam was taken off-line for maintenance and to replace a runner. The crane, which was installed in 1998, was used for the project. On November 18, 2015, while lifting the head cover/runner assembly out of the powerhouse of the dam, the crane collapsed, causing damage to itself and other property. Plaintiffs' expert believes the crane failed and collapsed due to an improper and defective weld between the dual-sheave pulley assembly and the pivot tube for boom pulley support. Also, Plaintiffs allege that Defendant Diversified Inspections/Independent Testing Laboratories, Inc., ("Diversified") performed an inadequate annual safety inspection on the crane in March, 2015.

Damages from the collapse total over $3 million. Plaintiff Liberty Mutual Insurance Company paid almost $3 million on the claim and as a result of these payments has become subrogated, to the extent of its payments, to Plaintiffs' rights as against Defendants. Also, the remaining Plaintiffs incurred uninsured losses/deductibles totaling $230,910.55 as a result of the collapse.

## Procedural Background

Plaintiffs are bringing two claims against Defendant Timberland: (1) negligence and/or gross negligence; and (2) strict products liability under the Washington Products Liability Act (WPLA); and three claims against Defendant Diversified: (3) negligence and/or gross negligence; (4) breach of contract; and (5) breach of express and or implied warranty. ECF No. 1.

In its Motion, Defendant Timberland asks the Court to dismiss the negligence claim because the negligence claim is subsumed under the Washington Products

**ORDER DENYING DEFENDANT TIMBERLAND'S RULE 12 MOTION TO DISMISS ~ 2**

Liability Act claim. Plaintiffs agree that if the WPLA claim is viable, then the negligence claim should be dismissed, but Plaintiffs assert that whether the WPLA claim is viable remains on open question. Until that question is decided, the Court should not dismiss the claim.

The Court agrees with Plaintiffs' assessment of the issue. Notably, in *Bostwick v. Ballard Marine, Inc.*, 127 Wash. App. 762 (2005), the plaintiff brought both a negligence claim and a Washington Products Liability Act claim. *Id.* at 573. At issue in that case was whether a defendant was in the business of leasing for purposes of the WPLA at the time the plaintiff was injured. *Id.* In ruling on a summary judgment motion, the trial court held that the defendant was not a product seller under the WPLA and also denied the negligence claim. *Id.* at 574-77. The Washington Court of Appeals held the trial court was correct in determining the WPLA does not apply, but erred in dismissing the negligence claim because one who is not a product seller under the Act may still be liable for negligence. *Id.* *Bostwick* stands for the proposition that both the negligence claim and WPLA may proceed in tandem until it is determined whether the WPLA applies.

//
//
//
//
//
//
//
//
//
//
//

**ORDER DENYING DEFENDANT TIMBERLAND'S RULE 12 MOTION TO DISMISS ~ 3**

//

Accordingly, **IT IS HEREBY ORDERED**:

1.  Defendant Timberland's Rule 12 Motion to Dismiss, ECF No. 12, is **DENIED**.

2.  Plaintiffs' Motion for Leave to File a Sur-reply, ECF No. 18, is **DENIED**.

**IT IS SO ORDERED.**  The Clerk of Court is directed to enter this Order and forward copies to counsel.

**DATED** this 15th day of March 2018.



Stanley A. Bastian
United States District Judge

**ORDER DENYING DEFENDANT TIMBERLAND'S RULE 12 MOTION TO DISMISS ~ 4**